UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDDY MOORE,

              Petitioner,

v.

UNITED STATES OF AMERICA,

              Defendant.
_____

**DECISION AND ORDER**

6:20-cr-06079 EAW
6:21-cv-06762 EAW

## I.    INTRODUCTION

*Pro se* petitioner Freddy Moore ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct the sentence imposed pursuant to a plea agreement. (Dkt. 50).[1] Petitioner claims that his counsel was ineffective when "he failed to object to [Petitioner] being sentenced without the 3 point downward departure for acceptance of responsibility." (*Id*. at 2). The government has filed a response in opposition to the petition. (Dkt. 54). Because Petitioner's claims are barred by the collateral attack waiver contained in the plea agreement, and because even if not barred, Petitioner fails to satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the petition is denied.[2]

___

[1]    All references to the docket in the instant Decision and Order are to the docket in Criminal Action No. 6:20-cr-06079 EAW.

[2]    Also pending before the Court is Petitioner's motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to the amendments to the Criminal History Guidelines. (Dkt. 55). That motion is still being briefed and will be addressed by separate order of the Court.

## II. BACKGROUND

On October 21, 2019, Petitioner was charged by criminal complaint with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i). (Dkt. 1). On June 30, 2020, Petitioner, represented by Assistant Federal Public Defender Steven G. Slawinski, appeared before the undersigned, waived indictment, and pleaded guilty pursuant to a plea agreement to a one-count information charging a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). (Dkt. 27; Dkt. 28; Dkt. 29; Dkt. 30). The plea agreement provided that the government and Petitioner agreed that the Sentencing Guidelines would recommend a prison sentence of 84 to 105 months (with an offense level of 25 and criminal history category of IV), but the parties reserved the right to argue for a sentence outside that range. (Dkt. 29 at ¶¶ 12-13).

The plea agreement included an appellate/collateral attack waiver, whereby Petitioner knowingly waived his "right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence." (*Id*. at ¶ 20).[3] The Court engaged in the following colloquy with Petitioner during his plea hearing concerning this waiver:

> THE COURT:  [I]f I do sentence you within or less than the range that is set forth in paragraph 12, then you're waiving any right to appeal or collaterally attack that sentence. Do you understand that?

---

[3] The range in section III, paragraph 12 was "a term of imprisonment of 84 to 105 months, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years." (Dkt. 29 at ¶ 12).

THE DEFENDANT: Yes, ma'am.

THE COURT: Why don't you turn to paragraph 20 of the plea agreement. Do you have that there in in front of you?

THE DEFENDANT: Yes, ma'am.

THE COURT: This talks about your appeal rights, Mr. Moore. If you were to go to trial and you were convicted, and then I sentenced you, you would have the right to appeal that conviction and any sentence imposed to the court above me. It's called Second Circuit Court of Appeals. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: You would also have limited rights to collaterally attack that sentence and any sentence that is imposed by bringing a proceeding before the Court where you were convicted, such as a habeas corpus proceeding. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: But you're agreeing, pursuant to the terms and conditions of this plea agreement, that if I sentence you within or less than 84 to 105 months in prison, a fine of $20,000 up to $200,000, and a supervised release term of one to three years, then you're waiving any right to appeal or collaterally attack that sentence. Do you understand that?

THE DEFENDANT: Yes, ma'am.

(Dkt. 52 at 14-15).

The Presentence Investigation Report (PSR) calculated an offense level of 21, as compared to the offense level of 25 projected by the plea agreement, with a resulting recommended prison sentence under the Sentencing Guidelines of 57 to 71 months. (Dkt. 34 at ¶ 54).

On December 18, 2020, the undersigned accepted the calculations as contained in the PSR and sentenced Petitioner to 66 months in the custody of the Bureau of Prisons, followed by three years of supervised release. (Dkt. 43; Dkt. 45; Dkt. 46). The Court imposed the prison sentence to run concurrently to any term of imprisonment imposed for Defendant's pending parole violation. (Dkt. 45 at 2). The Court imposed the $100 special assessment, but otherwise waived any financial penalties. (*Id*. at 6). Petitioner never pursued an appeal from the sentence or otherwise challenged the sentence, until the filing of the pending § 2255 petition.

### III. DISCUSSION

Petitioner's argument is straightforward—he claims that he received ineffective assistance of counsel because at sentencing, his attorney did not object to the alleged failure to reduce his offense level by three for acceptance of responsibility, and therefore his Sentencing Guideline range should have been 41 to 51 months, and he suffered prejudice because he was sentenced above that range. (Dkt. 50). But as the government points out in its response, Petitioner's argument is fundamentally flawed because he did receive the three-level reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. (Dkt. 54 at 5; *see also* Dkt. 53 at 14 (sentencing transcript where Court states it is reducing offense level by three for acceptance of responsibility)).

A prisoner in federal custody may challenge the validity of his sentence by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255(a). "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United

States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255).

In reviewing a *pro se* petition for habeas corpus, the Court must be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye. . . .").

## A. Collateral Attack Waiver

As noted above, Petitioner waived his right to file a direct appeal or to bring a collateral challenge, including under 28 U.S.C. § 2255, of any sentence within or below "a term of imprisonment of 84 to 105 months, a fine of $20,000 to $200,000, and a period of supervised release of 1 to 3 years." (Dkt. 29 at ¶ 12). Petitioner's prison sentence fell below that range, his supervised release sentence fell within that range, and the fine was waived. (Dkt. 45).

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). There are a limited set of circumstances under which a court can set aside a collateral attack wavier, "such as (1) when the waiver was not made knowingly,

voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the [petitioner's] sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus." *Id.* (alteration and citation omitted). Additionally, such a waiver is unenforceable if it "was the result of ineffective assistance of counsel[.]" *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004).

Here, even reading his submissions liberally in light of his *pro se* status, Petitioner does not contend that any of the exceptions apply to enforceability of the collateral attack waiver. For example, Petitioner does not contend that his plea was not made knowingly, voluntarily, and competently, nor could he since he plainly entered into the plea in a knowing, voluntary, and competent manner. (*See generally* Dkt. 52).[4] Similarly, Petitioner does not contend he received ineffective assistance of counsel in connection with the plea. Indeed, he acknowledged at the plea hearing that he was satisfied with his attorney's advice and he had sufficient time to discuss the plea agreement with him. (*Id*. at 7). The only ineffective assistance of counsel about which Petitioner complains relates to his sentencing. Thus, Petitioner's motion is barred by the collateral attack waiver contained in the plea agreement.

---

[4] In fact, because Petitioner never pursued a direct appeal challenging the voluntariness of his plea, he has procedurally defaulted on any such claim in the context of this habeas petition. *See Tavarez v. United States*, 81 F.4th 234, 239 (2d Cir. 2023) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

**B.     Merits of the Petition**

Even if Petitioner's petition was not barred by the collateral attack waiver, it still would fail. "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). "Pursuant to the well-known two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), a habeas petitioner alleging ineffective assistance of counsel 'must demonstrate (1) that his counsel's performance fell below what could be expected of a reasonably competent practitioner; and (2) that he was prejudiced by that substandard performance.'" *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 241 (2009)).

Petitioner alleges that it was error for his attorney not to challenge the alleged failure to reduce his offense level by three for acceptance of responsibility—but there was nothing to challenge. The Court ***did*** reduce the offense level by three for acceptance of responsibility. And in fact, the Sentencing Guideline calculations by the Court (and in the PSR) were more beneficial to Petitioner than those that had been projected by the plea agreement. Under the circumstances, it is patently meritless of Petitioner to claim ineffective assistance of counsel, and he cannot meet either prong of the *Strickland* standard.

## IV. **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's § 2255 motion. (Dkt. 50). The Clerk of Court is directed to close Civil Action No. 6:21-cv-06762 EAW.

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

											_____
											ELIZABETH A. WOLFORD
											Chief Judge
											United States District Court

Dated:		January 5, 2024
			Rochester, New York